THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FLOR NIEVES ALVELO, Defendant and Appellant.

No. CR-62-99.     Decided September 30, 1963.

*Manuel Reyes Serrano* and *Jorge Luis Suárez* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Genaro Marchand, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández,

Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: ■ The mere possession of the thing or of the objects stolen is not in itself sufficient to support a conviction for the offense of larceny, but, in the absence of direct evidence on the act of the illegal taking, the recent possession by the defendant of the stolen property together with other circumstances—to offer a false explanation on the origin of that possession, or that it be unbelievable or incongruent with the manner of acquisition, as having found it or acquired it by purchase from a third person—justifies that the question be submitted to the jury for the final determination of the criminal responsibility. *People* v. *Chiclana*, Crim. No. 62-397, judgment of June 5, 1963; *People* v. *Díaz*, Crim. No. 16993, judgment of December 12, 1961; *People* v. *Vázquez*, 63 P.R.R. 508 (1944) ; *People* v. *Galarza*, 60 P.R.R. 203 (1942) ; *People* v. *Atilano*, 44 P.R.R. 570 (1933) ; *People* v. *Domínguez*, 36 P.R.R. 419 (1927) ; *People* v. *Vadi*, 35 P.R.R. 925 (1926) ; *People* v. *Villegas*, 25 P.R.R. 815 (1917) ; *People* v. *Laureano*, 20 P.R.R. 7 (1914) ; *People* v. *Acevedo*, 18 P.R.R. 232, 238 (1912).[1] At the trial in which appellant Flor Nieves Alvelo was charged with the illegal theft of four tires with their rims, property of Pan American Steamship Corporation, the aforesaid defendant admitted the possession of the property described and its subsequent sale to Mr. Fernando Zegrí and he alleged in his defense that he had bought them in the market place of Bayamón from a person whose name he did not know but with whom he usually made deals of purchase and sale of agricultural products.

■ As the Solicitor General indicates in his report while consenting to the reversal of the judgment of conviction,

---

[1] In regard to the burglary offense to commit larceny or pilferage, see, *People* v. *Juarbe*, 83 P.R.R. 719, 722 (1961) ; *People* v. *Bayron*, 40 P.R.R. 785, 789 (1930) ; *People* v. *Méndez*, 39 P.R.R. 841, 842 (1929) ; *People* v. *Moreno*, 32 P.R.R. 759 (1924).

the fundamental fact in controversy was the determination by the jury on the explanation offered by the defendant in regard to his mode of acquisition of the stolen property, and in regard to which "the trial judge submitted the defendant to a firm and relentless examination which . . . deprived him of an unbiased and fair trial." We have carefully examined the transcript of evidence. We agree that the intervention of the judge who presided the trial was not limited to trying to clarify the testimony rendered by the appellant and that it rather tended to discredit his theory of defense and to create doubts in regard to the credibility of the version offered by him to justify the legal possession of the stolen goods. As we held in *People* v. *Aletriz*, 85 P.R.R. 621 (1962) and recently in *People* v. *Martínez Acevedo*, 88 P.R.R. 194 (1963), although this conduct of the judge was not timely objected to, it warrants the reversal of the conviction. *Cf. People* v. *Martell Cajigas*, 88 P.R.R. 617 (1963.); *People* v. *Alamo*, Crim. No. 62-393 judgment of June 24, 1963; *People* v. *Pérez*, Crim. No. 62-366, judgment of April 18, 1963.

The judgment rendered by the Superior Court, Arecibo Part, on December 27, 1961, will be reversed and the case remanded for a new trial.